**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00030-PAB-SBP

PATRICK GEIL,

     Plaintiff,

v.

REV GROUP, INC., and E-ONE, INC.,

     Defendants,

and

CITY OF AURORA,

     Intervenor Plaintiff

---

## [~~PROPOSED~~] SCHEDULING ORDER

---

Plaintiff, Patrick Geil ("Plaintiff"), together with Defendants REV Group, Inc. and E-One, Inc. ("Defendants"), and the Intervenor Plaintiff, City of Aurora, by and through undersigned counsel, hereby submit this Proposed Scheduling Order, as follows:

### 1. DATE OF CONFERENCE

### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference will be held telephonically on February 26, 2025, in Courtroom A-502, Fifth Floor, of the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado, before Magistrate Susan Prose.  It is anticipated that the following attorneys will appear to represent the parties:

{04798462.DOCX;1 }

| Appearing for Plaintiff: | Appearing for Defendants: |
|---|---|
| Timothy Garvey, Esq.<br><br>DORMER HARPRING, LLC<br>3457 Ringsby Court, Unit 110<br>Denver, CO 80216<br><br>Telephone:   (303) 756-3812<br>Fax:   (303) 477-7400<br>Email: gt@denvertrial.com | Chad M. Lieberman, Esq.<br><br>LIEBERMAN LEGAL LLC<br>6537 South Dallas Court<br>Englewood, CO 80111<br><br>Telephone: (847) 778-4522<br><br>Email: chad@lieberman-legal.com |
| **Appearing for Intervenor Plaintiff:**<br>Anthony E. Derwinski, #44408<br><br>RUEGSEGGER SIMONS & STERN, LLC<br>1700 Lincoln Street, Suite 4500<br>Denver, CO 80203<br><br>Telephone:   (303) 575-8036<br>Email: aderwinski@rs3legal.com | |

## 2.  STATEMENT OF JURISDICTION

Jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332(a)(1).  At the time of the Incident at-issue in this case, Plaintiff was a resident and domiciliary of Colorado. The Plaintiff is currently a resident of North Carolina. He is a United States citizen, so he is a citizen of North Carolina. The Defendant REV Group, Inc. is incorporated under the laws of the State of Delaware and maintains its principal place of business in Milwaukee, WI. The Defendant E-One, Inc. is incorporation under the laws of the State of Florida and maintains its principal place of business in Ocala, FL.  The proposed Intervenor Plaintiff, City of Aurora, is a municipality in Colorado and maintains its principal place of business in Aurora, CO. The amount in controversy before considering costs or interest exceeds $75,000.

{04798462.DOCX;1 }

### 3. STATEMENT OF CLAIMS AND DEFENSES

**a.      Plaintiff:**

Mr. Geil is (now) a former Lieutenant with the City of Aurora Fire Department. On January 25, 2022, he was training his fellow firefighters and recruits on how to safely retrieve the 2000 E-One Cyclone Fire Truck's external hydraulic ladder rack from atop the fire truck. During training, Mr. Geil engaged the ladder's hydraulic lowering system on the E-One Cyclone, but the ladder did not move. As he inspected the ladder's hydraulic locking mechanism to determine why the ladder was stuck, the ladder rack suddenly collapsed in.a freefall toward Mr. Geil's head, crashing into his helmet, smashing his face and pinning him on the ground under the 400-pound ladder.

Among other things, the ladder rack was defective as designed in that it relied on a single arm, which allowed failure at only one point to become a dangerous—even catastrophic failure, with the firefighter standing directly below it. The design has been updated to a dual-arm version, which should have been the design all along.

Because the E-One Cyclone ladder rack was defective, Mr. Geil suffered significant injuries, including a traumatic brain injury. Due to these lifechanging injuries, Mr. Geil can no longer perform the standard duties required of a firefight and had to leave his position as Lieutenant with the City of Aurora FD. Moreover, Mr. Geil had to relocate his family to North Carolina due to the severity of his injuries and quality of life.

Mr. Geil seeks to recover damages permissible under Colorado law to fully compensate him for his harms and losses. He asserts claims against the Defendants for Negligence, Strict Products Liability; Manufacturer's Negligence; and Breach of Implied Warranty of Merchantability.

{04798462.DOCX;1 }

**b.     Defendants:**

Defendants deny all claims and deny all liability.  On information and belief, Plaintiff was operating a hydraulic ladder on a 22-year-old, retired E-One Cyclone truck at the time of his purported incident.  At the time that the E-One Cyclone truck left E-One's possession, it was not defective in any capacity.  On information and belief, the hydraulic ladder had been substantially altered, changed, and modified by people and/or entities other than Defendants in its 22-year history such that it was not in the same condition, configuration, or design at the time of Plaintiff's purported incident.  On information and belief, Plaintiff was misusing the hydraulic ladder at the time of his purported incident.  On information and belief, Plaintiff and Intervenor failed to preserve the subject E-One Cyclone truck and the hydraulic ladder.  Defendants incorporate their denials and responses within their respective Answers to the Complaints, including their affirmative defenses listed therein.

Further, Defendant REV Group did not design, manufacture, or sell the 22-year-old, retired E-One Cyclone truck, and is therefore improperly named as a defendant in this lawsuit.  REV Group acquired E-One in approximately 2010, being over a decade after the subject 2000 E-One Cyclone truck was designed, manufactured, and sold.

**c.     Intervenor Plaintiff:**

At the time of the incidents alleged, Plaintiff was in the course and scope of his employment for the City of Aurora. Pursuant to 8-41-203, City of Aurora has a statutory right to recover payments made to and on behalf of Plaintiff in relation to his case with the Colorado DOWC. To date, City of Aurora has paid $139,454.40 in medical benefits

and $206,966.70 in indemnity benefits pursuant to the Workers' Compensation Act. City

of Aurora incorporates Plaintiff's factual information outlined above.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      E-One is a wholly-owned subsidiary of REV Group.

## 5.  COMPUTATION OF DAMAGES

**Plaintiff's Calculation:**

Mr. Geil reserves the right to modify and/or withdraw any claims for damages

before submitting this matter to the jury for its consideration. This computation of

damages reflects Mr. Geil's current damages that are readily calculable. It does not

necessarily reflect the damages Mr. Geil will request the jury to award at trial. However,

as of this filing, Mr. Geil calculates the following known damages:

**Economic Damages:**

| | | |
|---|---|---|
| i. | Past Medical: | $234,899.48[1] |
| ii. | Future Medical: | $ Pending |
| iii. | Past Wage Loss: | $ Pending |
| iv. | Future Wage Loss: | $ Pending |
| v. | Future Lost Earning Capacity: | $ Pending |

**Non-economic Damages:** Rule 26(a)(1)(A)(iii) does not obligate Mr. Geil to

calculate his non-economic and impairment damages, and such damages are not

---

[1] Plaintiff's calculation is based on Plaintiff's medical billing records received to date. However, Plaintiff continues to treat for the injuries he suffered in this incident and therefore reserves the right to amend this number as discovery and further investigation continue.

{04798462.DOCX;1 }

11

typically suitable to a precise calculation. Further, to the extent they could be precisely calculated, they may vary as this matter proceeds. Additionally, any precise calculation of such damages would be counsel's valuation—not Mr. Geil's—and therefore a request for disclosure of such amounts would be a request for trial-preparation materials and/or attorney-client privileged information, both of which are protected from disclosure. Fed. R. Civ. P. 26(b)(3).

That said, Mr. Geil is seeking to have the jury determine the value of his non-economic harms and losses, including (without limitation) past and future: mental pain and suffering; physical pain and suffering; emotional distress; inconvenience; impairment to the quality of life; physical impairment; and disfigurement in amounts to be determined at trial. Mr. Geil's counsel reserve the right to suggest one or more options for approximation or estimation of non-economic damages at trial, and these arguments will be protected work product. To the extent Mr. Geil plans to present any expert testimony calculating non-economic damages, he will comply with the disclosure requirements for expert testimony by those deadlines.

**Additional Damages:** Mr. Geil claims attorneys' fees, costs, and interest as allowable by law.

**Defendant's Calculation:**

Defendants intend to seek their costs, expenses, and attorney's fees. These damages are continually incurred, and the amount and calculation will be disclosed at the appropriate time.

**Intervenor Plaintiff's Calculation**: City of Aurora, to date, has paid $139,454.40 in medical benefits and $206,966.70 in indemnity benefits to and on behalf of Plaintiff. These payments have been made pursuant to the Workers' Compensation Act.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: February 5, 2025.

b.      Names of each participant and party he/she represented:   Plaintiff was represented by Timothy Garvey. Defendants were represented by Chad Lieberman. Intervenor Plaintiff was represented by Anthony Derwinski.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:  The parties will make their 26(a)(1) disclosures on February ~~24~~26, 2025.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): Due to a combination of factors, the parties have agreed to an additional six days to make their initial disclosures.

e.      Statement concerning any agreements to conduct informal discovery:   The parties discussed the possibility of conducting informal discovery, including the exchange of documents. They do not anticipate any informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties shall comply with the Federal Rules of Civil Procedure, the Local Rules of this court, and the deadlines set forth in this Scheduling Order. If the parties are unable to resolve a discovery dispute following a good-faith conferral, they shall utilize this court's informal discovery-dispute procedures.

{04798462.DOCX;1 }

13

**Plaintiff's Proposal:**

The parties shall use a unified system of exhibits beginning with the number one in depositions.

i.   Any identifying marks on any disclosed documents shall be marked such that text shall not be fully or partially obscured so as to render OCR and searches of text more difficult.

ii.  The parties agree to exchange discovery and exhibits electronically and to Bates-number the documents they produce. The parties will produce documents as kept and organized in the regular course of business or as produced to them. Disclosures or responses to requests for production will provide each document's name and identify it by Bates numbers so separate documents or sets of records can be easily distinguished from each other.

iii. The parties agree to cooperate in the scheduling of all depositions and will provide dates for a deponent within seven days of receiving such a request. Additionally, when providing dates for a deponent, the parties shall ensure that the deposition will occur within 30 days of the request being made. However, regarding a request made under F.R.C.P. 30(b)(6), the Defendants shall ensure that the deposition shall begin no later than <u>45 days after receipt of initial topics</u>.

iv.  When responding to discovery, the parties agree to not include "boilerplate" objections (such as overbroad, unduly burdensome,

vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and so on) that fail to provide clear and precise explanations for the legal and factual justifications for the objection.

v.  If served with written discovery, counsel for the receiving party will—before the responses are due—seek from the counsel for the serving party written clarification of the meaning of any discovery requests that are not clearly understood.

vi.  When responding to discovery, counsel will provide the documents, records, and/or information requested at the same time, unless such is not readily available, in which case the parties will provide a specific date for when production will be made.

vii.  When objecting to discovery based on the claim of any privilege or protection, counsel will provide a privilege log that complies with Fed. R. Civ. P. 26(b)(5) and provides (1) the date of the records, documents, or information being withheld; (2) all authors and recipients; and (3) the specific privilege or protection being claimed.

viii.  All redactions shall be made in black during discovery. Sometimes during the course of litigation, documents being disclosed may contain prior redactions. In such instances, counsel and the parties agree to produce the original, unredacted document, and then, if appropriate, insert new redactions in black.

{04798462.DOCX;1 }

ix.  At deposition, counsel agree to refrain from:

    a. "speaking objections";

    b. excessive objections designed to disrupt the flow of questioning;

    c. advising a witness to answer "if you know," "if you remember," or "not to speculate" and similar conduct;

    d. asking for clarification of a question;

    e. conferring with a witness while questions are pending or documents are being reviewed;

x.  At deposition, counsel shall limit objections to "object to form" or "objection to foundation" unless further explanation is requested by the attorney asking the question. Counsel may also instruct a witness to not answer a question, but only when necessary to preserve a privilege, to enforce a limitation on evidence (as directed by prior Court order), to present a motion pursuant to F.R.C.P. 30, or as may otherwise be appropriate and supported by Colorado law. Should counsel instruct a witness to not answer a question, the instructing counsel will state on the record the specific reason for the instruction, as well as the specific question, part of the question, or manner of asking the question upon which the instruction is based.

xi.  The parties will exchange demonstrative exhibits (which comprise teaching and argument aides, Rule 1006 summaries, and other syntheses of evidence created by counsel or their agents) on a date

{04798462.DOCX;1 }

16

to be specified in the Trial Management Order. Demonstrative

exhibits need not be disclosed before that deadline. Evidence with

no purpose other than impeachment of a witness at trial, other than

surveillance footage, need not be disclosed prior to its use.

**<u>Defendants' Proposal:</u>**

Plaintiff's proposal needlessly modifies the current Local Rules and Federal Rules

regarding discovery and the conduct of attorneys.   Plaintiff's proposal is apparently

targeted at a party or its counsel with a history of being uncooperative and/or obstructive.

Neither Defendants nor its counsel have ever been accused of such behavior and, as

always, will work cooperatively and professionally with all parties in this case.

Defendants' impression of Plaintiff, Intervenor, and their counsel mirrors this sentiment,

and Defendants anticipate all sides will professionally but vigorously represent their

interests.

Further, Plaintiff's proposal seeks to bind the parties to calendar and scheduling

deadlines that are demonstrably beyond the control of the Parties themselves – thus

needlessly setting them up for future disputes that a party violated this scheduling order.

For example, the Parties cannot guarantee that an unknown witness will provide

his/her/its availability within seven days, or that he/she/it would be available within 30

days of the request.  As another example, the Parties cannot be expected to limit their

prospective objections to written discovery requests that have not yet been served.

Defendants proposal is straightforward: the parties will agree to use a unified,

sequential exhibit numbering system at depositions and trial; the parties agree to follow

the procedures and code of conduct outlined by the Local Rules and the Federal Rules;

{04798462.DOCX;1 }

the parties agree that all redactions will be made in black and readily identifiable as a redaction; and the parties agree to be cooperative and reasonable in the scheduling of depositions.

g.        Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

**Plaintiff:** It is currently unknown whether the documents in this case will be extensive. Nevertheless, the parties will cooperate regarding any disputes over electronically stored information, search terms, production methods, and other considerations, and will follow this Court's discovery dispute procedures if they are unable to resolve them on their own.

**Defendants:** It is currently unknown whether the documents in this case will be extensive. Nevertheless, the parties will cooperate regarding any disputes over electronically stored information, search terms, production methods, and other considerations, and will follow this Court's discovery dispute procedures if they are unable to resolve them on their own.

h.        Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties have discussed the possibilities for settlement and have been unable to reach an agreement to date. The parties attempted to settle their dispute before the filing of this lawsuit, but were unsuccessful. They will continue to discuss the possibilities for settlement as the case progresses.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge as described in the Magistrate Consent Form filed on April 18, 2024.

## 8.  DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: Each side shall be limited to **10 depositions**, including retained or non-retained expert witnesses. Each side shall be limited to **30 interrogatories**, including discrete subparts~~., with Intervenor and each Defendant counting as its own "side."~~

b.    Limitations which any party proposes on the length of depositions.  **Each deponent or designee shall be limited to one day of seven hours**. Despite these limitations, the parties anticipate they will use reasonable efforts to keep the depositions to the amount of time reasonably necessary to accomplish legitimate purposes of discovery.

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission:  Each side shall be limited to **25 requests for production, and 25 requests for admission**, excluding any requests for admission regarding the authentication of documents (the latter are unlimited).

d.    Other Planning or Discovery Orders:

> i.  The parties will prepare a draft confidentiality agreement to be executed in accord with this Court's practice standards.

ii. Defendants reserve the right to request Rule 35 examinations of the Plaintiff.

## 9.  CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings: **April 14, 2025** (the parties agree this deadline does not apply to any motion for punitive damages, which may be filed at any point prior to the case being submitted to the jury). F.R.C.P. 15(a)–(b); C.R.S. § 13-21-102(1)(a); *Stamp v. Vail Corp.*, 172 P.3d 437 (Colo. 2007); *Reigel v. SavaSeniorCare, LLC*, 292 P.3d 977, 994 (Colo. App. 2011)).

b.     Discovery Cut-off:  **November 28, 2025**

c.     Dispositive Motion Deadline/Deadline for Motions Pursuant to Fed. R. Evid. 702: **December 29, 2025**

d.     Expert Witness Disclosure

1.     The parties shall identify anticipated fields of expert testimony, if any.

(a) Plaintiff anticipates calling expert witnesses in the following areas: hydraulic ladder rack design/mechanism design, operation, and manufacturing (1-3 experts, and specific fields may vary); neurology; neuropsychology; emergency medicine; primary care; specialties of other treating providers; functional capacity evaluation; neuroimaging; life care planning; medical billing/future medical costs; labor economics/accounting; and

any expert necessary to rebut an expert endorsed by Defendants.

(b)   Defendants anticipate calling expert witnesses in the following areas: vehicle and hydraulic ladder rack design/mechanism design, operation, and manufacturing (1-3 experts, and specific fields may vary); mechanical maintenance/service/repair; fire fighter standards of care; biomechanics; injury causation (medical fields TBD); functional capacity evaluation; life care planning; medical billing/future medical costs; economics/accounting; and any area for which Plaintiff discloses an expert or whose need is otherwise revealed through discovery.

(c)   Intervenor Plaintiff anticipates calling expert witnesses in the following areas: treating physicians in the DOWC case, limit one per specialty. Intervenor Plaintiff will work with Plaintiff in terms of liability experts as not to be duplicative.

2.     Limitations which the parties propose on the use or number of expert witnesses.

**Plaintiff proposes:** The parties agree to a limit of 8 specially retained experts per side.

**Defendants propose**:  None at this time.

3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2):

{04798462.DOCX;1 }

21

**Plaintiff proposes:** on or before **August 29, 2025,**.

**Defendants Propose:** Defendants propose a staggered disclosure:

Plaintiff and intervenor to disclose experts pursuant to Rule 26(a) by August 29, 2025.

Defendants to disclose experts pursuant to Rule 26(a) by September 29, 2025.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 26, 2025,**.

**Defendants Propose:** Rebuttal experts pursuant to Rule 26(a) shall be disclosed by October 20, 2025.

<span style="color:red">The court sets the following deadlines for expert disclosures:</span>

<span style="color:red">Plaintiff's Affirmative Expert Disclosures: **August 29, 2025**</span>

<span style="color:red">Defendants' Expert Disclosures: **September 29, 2025**</span>

<span style="color:red">Plaintiff's Rebuttal Expert Disclosures: **October 20, 2025**</span>

e.      Identification of Persons to Be Deposed:

**Plaintiff:**

| Deponent | Date | Length |
|---|---|---|
| 30(b)(6) of Defendant REV Group, Inc. | TBD | 7 hours or one day |
| 30(b)(6) of Defendant E-One, Inc. | TBD | 7 hours or one day |
| City of Aurora | TBD | 7 hours or one day |
| Defendants' designated experts and other | TBD | 7 hours or one day |

| | | |
|---|---|---|
| witnesses revealed through discovery | | |
| Other fact witnesses revealed through discovery | | |

**Defendants:**

| Deponent | Date | Length |
|---|---|---|
| Plaintiff | TBD | 7 hours |
| Owner(s) of truck | TBD | 7 hours |
| Maintenance/service provider of truck | TBD | 7 hours |
| City of Aurora | TBD | 7 hours |
| Scene witnesses | TBD | 1-2 hours each |
| Plaintiff's designated experts and other witnesses revealed through discovery | TBD | 7 hours or one day |
| Intervenor's designated experts and other witnesses revealed through discovery | TBD | 7 hours or one day |
| Other fact witnesses revealed through discovery | TBD | 7 hours each |

**Intervenor Plaintiff:**

| Deponent | Date | Length |
|---|---|---|
| | TBD | |
| | | |
| | | |

| | | |
|---|---|---|
| Plaintiff's designated experts and other witnesses revealed through discovery | TBD | 7 hours or one day |
| Other fact witnesses revealed through discovery | | |

f.      Deadline for Interrogatories:   All written discovery must be served by **October 28, 2025**.

g.      Deadline for Requests for Production of Documents and/or Admissions: All written discovery must be served by **October 28, 2025**.

### 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

None at this time. Future status conferences may be set at the request of the parties or the Court.

b.      ~~A final pretrial conference will be held in this case on _____ at o'clock _____ m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~  A telephonic Final Pretrial Conference is set for **March 4, 2026**, at **9:30 a.m**. before Magistrate Judge Susan Prose. The parties shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone. The parties' proposed pretrial order shall be filed through CM/ECF, and a courtesy copy of the proposed order in a Word format shall be sent by email to

{04798462.DOCX;1 }

24

Prose_Chambers@cod.uscourts.gov, by **February 25, 2026**. Trial Preparation
Conference and trial dates will be given to the parties at the Final Pretrial Conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a
good faith effort, were unable to reach an agreement.

b.      Anticipated length of trial and whether trial is to the court or jury: The parties
anticipate that a trial of eight (8) days will be necessary and that the trial will be to a jury.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently
or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado
Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood
Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103
Sheppard Drive, Durango, Colorado 81303-3439:  None

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with
D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the
moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial
Procedures or Practice Standards established by the judicial officer presiding over the trial of this
case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact
information must be reported and filed with the Court pursuant to the applicable local
rule.

{04798462.DOCX;1 }

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order shall be amended only upon a showing of good cause.

DATED at Denver, Colorado, this 26th day of February, 2025.

BY THE COURT:

_____
SUSAN PROSE
United States Magistrate Judge

APPROVED this 19th day of February 2025.

s/ Timothy Garvey
Sean M. Dormer, Esq.
Timothy M. Garvey, Esq.
Dormer Harpring, LLC
3457 Ringsby Court, Unit 110
Denver, CO 80216
Telephone:   (303) 756-3812
Email: gt@denvertrial.com

s/ Chad Lieberman
Chad M. Lieberman, Esq.
Lieberman Legal LLC
6537 South Dallas Court
Englewood, CO 80111
Telephone:  (847) 778-4522
Email: chad@lieberman-legal.com

s/ Anthony Derwinski
Anthony E. Derwinski, #44408
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, CO 80203
(303) 575-8036
aderwinski@rs3legal.com
*Attorneys for proposed Intervenor Plaintiff City of Aurora*

{04798462.DOCX;1 }